FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC - 5 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X Case No.

ROSEMARY RADICCHI, on behalf of herself
individually and all others similarly situated,

Plaintiff, CV 11-5932

-against-

**CLASS ACTION**
**COMPLAINT**

LVNV FUNDING, LLC. and ASSET ACCEPTANCE, LLC.,

Defendants.

ORENSTEIN, M.J.

-----------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") regarding defendants' deceptive acts and practices.

## PARTIES

2.  Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. That defendant LVNV is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, LVNV is a foreign limited liability company incorporated in Delaware. LVNV purchases defaulted consumer debts and either collects said debts itself or assigns such purchased debts to other debt collectors for collection on its behalf.

4. That defendant Asset Acceptance is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, Asset Acceptance is a foreign limited liability company incorporated in Delaware. Asset Acceptance purchases defaulted consumer debts and then attempts to collect said debts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACT ALLEGATIONS

6. That plaintiff re-alleges paragraphs 1-5 as if fully re-stated herein.

7. That at some point in time in or before the year 2009 plaintiff is alleged to have defaulted on a personal debt to Kay/Sterling Jewelers.

8. That at some point after the default LVNV purchased the debt from Kay.

9. That in or about the year 2009 plaintiff received letters from at least two different debt collectors who were attempting to collect the debt on behalf of LVNV.

10. That plaintiff conferred with her attorneys at Fagenson & Puglisi upon receipt of the collection letters from LVNV's debt collectors.

11. That in the year 2009, Concetta Puglisi, Esq., of Fagenson & Puglisi sent dispute letters to said debt collectors, informing that Fagenson & Puglisi represents plaintiff, that plaintiff was disputing the debt and that plaintiff should not be contacted directly regarding the debt.

12. That, thereafter, a subsequent debt collector for LVNV, by the name of Richard J. Boudreau & Associates, LLC. (Boudreau) commenced collecting the said Kay debt.

13. That Boudreau sent a collection letter to Fagenson & Puglisi in an effort to collect the debt from plaintiff.

14. That, on information and belief, Asset Acceptance alleged that sometime in the year 2011 Asset Acceptance purchased the said Kay debt from LVNV.

15. That by letters dated June 17, 2011 and July 25, 2011 Asset Acceptance wrote to plaintiff directly in an effort to collect the debt.

16. That the July 25, 2011 letter states, in pertinent part:

"This notification is to inform you that due to the failure to make satisfactory arrangements for the resolution of this account, this matter will be reviewed for placement with an attorney in your area for potential legal action. At this time, no attorney has personally reviewed your account information."

17. That Asset Acceptance did report the debt to the credit reporting agency, Equifax, but no dispute marker was included in Asset Acceptance's credit report.

## ALLEGATIONS AGAINST LVNV

### COUNT ONE
FDCPA, §§1692d, 1692e, 1692e(8) and 1692e(10)

18. Plaintiff re-alleges paragraphs 1 to 17 as if fully re-stated herein.

19. That LVNV did know that plaintiff was represented by counsel in the matter of the collection of the debt and that plaintiff disputed the debt.

20. That, upon assignment of the debt, LVNV did not inform Asset Acceptance that plaintiff disputed the debt.

21. That LVNV is therefore in violation of the FDCPA, §1692d, in that the said failure of LVNV to inform Asset Acceptance that plaintiff was represented by counsel and that plaintiff was disputing the debt had the natural consequence of causing Asset Acceptance to send to plaintiff the two collection letters at her home, resulting in plaintiff suffering emotional distress, anxiety, harassment, abuse and oppression.

22. That LVNV is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that the said failure of LVNV to inform Asset Acceptance that plaintiff was represented by counsel and that plaintiff was disputing the debt constitutes a deceptive and misleading means used to attempt to collect a debt.

23. That LVNV is, further, in violation of the FDCPA, §§1692e(8) in that the said failure of LVNV to inform Asset Acceptance that plaintiff was represented by counsel and that plaintiff was disputing the debt constitutes a failure to communicate that a disputed debt is disputed.

## COUNT TWO
## NYBGL, §349(h)

24. Plaintiff re-alleges paragraphs 1 to 23 as if fully re-stated herein.

25. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

26. That LVNV's deceptive and misleading acts and practices were consumer-oriented, in that LVNV is a purchaser and collector of consumer debts incurred principally or wholly by natural persons.

27. That, on information and belief, LVNV causes thousands of collection letters to be mailed to natural persons within New York State each year because of its pattern of failing to inform its assignees that the debtor disputes the debt and that the debtor is represented by an attorney.

28. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letters from Asset Acceptance despite LVNV's knowledge that she should not be contacted directly.

29. That LVNV improperly failed and/or refused to inform Asset Acceptance that plaintiff disputed the debt and that plaintiff was represented by an attorney, and in so doing violated NYGBL §349.

30. That LVNV is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against LVNV as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(d) for such other and further relief as may be just and proper.

## ALLEGATIONS AGAINST ASSET ACCEPTANCE

### COUNT THREE
### FDCPA, §§1692c(a)(2), 1692e, 1692e(10) and 1692d

31. Plaintiff re-alleges paragraphs 1 to 30 as if fully re-stated herein.

32. That, as and for an alternative, LVNV did inform Asset Acceptance that plaintiff was represented by counsel in the matter of the collection of the debt and that plaintiff was disputing the debt.

33. That, despite LVNV having informed Asset Acceptance of plaintiff's representation and of plaintiff's dispute of the debt, Asset Acceptance nonetheless sent the two collection letters to plaintiff at her home.

34. That Asset Acceptance is therefore in violation of the FDCPA, §§1692c(a)(2), in that Asset Acceptance contacted plaintiff with full actual knowledge that she is represented by counsel in the matter of the collection of the debt.

35. That, in any event, Asset Acceptance had a duty to inquire of LVNV whether plaintiff was represented by counsel, upon being assigned the account for collection.

36. That Asset Acceptance did not carry out said duty.

37. That, as a result of Asset Acceptance's said improper conduct in contacting plaintiff directly Asset Acceptance is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that Asset Acceptance's conduct in sending collection letters directly to plaintiff knowing that she is represented by counsel and that plaintiff was disputing the debt constitutes a deceptive and misleading means used in an attempt to collect a debt.

38. That Asset Acceptance is, further, in violation of the FDCPA, §1692d in that it sent no fewer than two collection letters to plaintiff at her home, well knowing that she was represented by counsel, and in doing so Asset Acceptance caused plaintiff to suffer emotional distress, anxiety, harassment, abuse and oppression.

## COUNT FOUR
## NYBGL, §349(h)

39. Plaintiff re-alleges paragraphs 1 to 38 as if fully re-stated herein.

40. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

41. That Asset Acceptance's deceptive and misleading acts and practices were consumer-oriented, in that Asset Acceptance is a collector of consumer debts incurred principally or wholly by natural persons.

42. That, on information and belief, Asset Acceptance has a pattern of mailing thousands of collection letters directly to natural persons within New York State each year knowing that said persons are represented by an attorney in connection with the debts it seeks to collect.

43. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letters from Asset Acceptance despite her attorney's several letters requesting that she should not be contacted directly.

44. That Asset Acceptance therefore violated NYGBL §349.

45. That Asset Acceptance is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## COUNT FIVE
### FDCPA, §§1692e(8), 1692e and 1692e(10)

46. Plaintiff re-alleges paragraphs 1 to 45 as if fully re-stated herein.

47. That Asset Acceptance's failure to include a dispute marker in its credit report of the debt Equifax constitutes a failure to communicate that a disputed debt is disputed, in violation of the FDCPA, §1692e(8).

48. That said failure to include a dispute marker is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that it constitutes a deceptive and misleading means used in an attempt to collect a debt.

## COUNT SIX
### FDCPA, §§1692e(5), 1692e,1692e(10), 1692f

49. Plaintiff re-alleges paragraphs 1 to 48 as if fully re-stated herein.

50. That, on information and belief, despite the above-quoted language in Asset Acceptance's July 25, 2011 letter that the account would be reviewed for placement with an attorney for potential legal action, no lawsuit has been instituted against plaintiff regarding this debt.

51. That the aforementioned statement in the said July 25, 2011 letter to plaintiff was designed in general to scare plaintiff into believing that she must pay the debt soon or else she would be sued.

52. That the letter's capacity to frighten the least sophisticated consumer was increased by the addition of the words that no attorney has yet reviewed the account, because this suggests that, upon continued failure to pay, at a later time an attorney would review the account and a lawsuit would ensue.

53. That the least sophisticated consumer would believe that, if no payment arrangements were made, a lawsuit would commence against her within a reasonable period. Four months is a reasonable period in this context.

54. That such a threat of a lawsuit was false, deceptive and misleading. That such a threat constitutes a threat to take an action that is not intended to be taken by Asset Acceptance, in violation of the FDCPA § 1692e(5).

55. That defendant's said statements also violate the FDCPA, including but not limited to §§1692e,1692e(10) and 1692f, as a false representation or deceptive means used in an attempt to collect a debt and as an unfair or unconscionable means used in an attempt to collect a debt.

## CLASS ALLEGATIONS

56. That plaintiff re-alleges paragraphs 1-55 as if fully re-stated herein.

57. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who Asset Acceptance's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter sent to plaintiff by Asset Acceptance dated July 25, 2011; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e(5), 1692e, 1692e(10), 1692f. The class does not include Asset Acceptance or persons who are officers, directors, employees, or associates of Asset Acceptance. The class shall be defined as follows:

> All natural persons residing in the United States to whom Asset Acceptance sent a collection letter within one year preceding the date of the filing of this complaint:
>
> a) which collection letter stated, in sum or substance:
>
> "This notification is to inform you that due to the failure to make satisfactory arrangements for the resolution of this account, this matter will be reviewed for placement with an attorney in your area for potential legal action. At this time, no attorney has personally reviewed your account information."; and
>
> b) where no legal action had been commenced against the consumer within four months after the date of the letter.

58. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from Asset Acceptance which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether Asset Acceptance violated the FDCPA by sending debt collection letters containing a false, unintended threat to commence a lawsuit in violation of the FDCPA, §§1692e(5), 1692e, 1692e(10), 1692f.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of Asset Acceptance.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

59. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the

class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

61. That communications from debt collectors, such as those sent by Asset Acceptance, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

62. That as a result of the above violations, Asset Acceptance is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against Asset Acceptance as follows:

(a) certifying a class pursuant to rule 23 of the Federal Rules of Civil Procedure;

(b) enjoining Asset Acceptance from any further improper direct contact with plaintiff pursuant to NYBGL §349;

(c) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(e) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k and NYGBL § 349(h); and

(g) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
November 28, 2011.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com